IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REASSURE AMERICA LIFE | : | |
| INSURANCE CO. | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 09-5590 |
| | : | |
| MIDWEST RESOURCES, LTD. | : | |

**MEMORANDUM**

WILLIAM H. YOHN Jr., J                                                                February 7, 2012

Presently before the Court is a Motion for Judgment on the Pleadings filed by defendant Midwest Resources, LTD.  Because issues of material fact remain regarding the salient contentions, the motion will be denied.

**I.       Facts and Procedural History**

On November 6, 2000, Samuel Miller applied for a $1,000,000 term life insurance policy through plaintiff.  (Compl. ¶ 7).  On December 8, 2000, plaintiff issued a life insurance policy to Mr. Miller for $500,000 with a ten year term.  (Compl. ¶ 19).  This insurance policy contained a contestable clause that allowed plaintiff to contest the validity of the policy for any misrepresentation or non-disclosure of material fact in the application in the absence of fraud only for the two years subsequent to the issuance of the policy.  (Compl., Exh. A, pg. 4).

On May 7, 2001, Mr. Miller entered into an agreement of sale with defendant for the insurance policy, assigning all rights to the policy to defendant in return for $12,155.  (Compl. ¶ 21).  On May 16, 2001, Mr. Miller and his wife executed releases and consents to change the beneficiary of the insurance policy, assigning all rights under the policy to defendant.  (Compl. ¶¶ 22-23).  On June 20, 2001, Mr. Miller submitted a change of owner and beneficiary form to plaintiff changing the owner and beneficiary of the policy to defendant.  (Compl. ¶ 24).

Mr. Miller died on January 13, 2009. (Compl. ¶ 25). On February 26, 2009, defendant submitted a claim for benefits under the insurance policy. (Compl. ¶ 26). On October 30, 2009, plaintiff filed this declaratory judgment action in the Montgomery County Court of Common Pleas, seeking a ruling on its obligation to pay under the policy. In the complaint, plaintiff alleges "that the Miller policy is void or voidable, due to a lack of insurable interest at inception, as it was procured for the ultimate benefit of persons with no legally cognizable interest in the life of Mr. Miller, but who nevertheless sought to gamble on his life." (Compl. ¶ 1). The action was removed to this Court shortly thereafter. Defendant filed the instant motion on October 24, 2011, seeking a judgment on the pleadings that either plaintiff's suit was time barred by the applicable statute of limitations, or was barred pursuant to the contestable clause in the policy.

## II.     Standard

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). As with a motion to dismiss under Rule 12(b)(6), a court must accept as true the facts alleged in the pleadings and view any inferences to be drawn therefrom in the light most favorable to the plaintiff. *Mele v. Fed. Reserve Bank of New York*, 359 F.3d 251, 253 (3d Cir. 2004). Such a motion should only be granted if the moving party has established that there is no material issue of fact to resolve and that it is entitled to judgment in its favor as a matter of law. *Id.*

## III.    Discussion

Defendant asserts two theories to support its contention that it is entitled to judgment on the pleadings. First, defendant alleges that plaintiff's suit is barred by the applicable statute of

limitations[1] since: (1) plaintiff was put on notice that the policy was sold to defendant on June 20, 2001, when Mr. Miller submitted to plaintiff the change of owner and beneficiary form; and (2) plaintiff did not file this suit until over eight years later on October 30, 2009, placing it outside of any applicable statute of limitation periods.

Second, defendant maintains that the contestable clause of the policy bars the suit since plaintiff did not contest the transfer of the policy to defendant within the first two years of the policy, even though it had notice of the sale on June 20, 2001, eighteen months before the end of the contestable period. I conclude that factual issues permeate both of these arguments. Therefore, judgment on the pleadings would be inappropriate.

### A.     The Statute of Limitations Defense

Defendant's first assertion is that plaintiff's claim is barred by the statute of limitations. I find that there is an issue of material fact regarding when plaintiff should have been put on notice that the policy may have been procured without an insurable interest. While typically the statute of limitations begins to run as soon as a right to institute a suit arises, the statute will be tolled until the plaintiff knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct. *Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 231 (3d Cir. 2003). Defendant claims that plaintiff was put on notice of the possibility that the transaction was void or voidable on June 20, 2001, when it received the change of owner and beneficiary form from Mr. Miller. Plaintiff maintains that it had no notice of this possibility until

---

[1] Defendant contends that either the four year statute of limitations for contract disputes found in 42 Pa.C.S.A. § 5525, or the six year statute of limitations found in the catch-all provision of 42 Pa.C.S.A. §5527(b) would apply. If the court were to accept defendant's argument, either statute would be sufficient to bar plaintiff's suit.

after Mr. Miller died and it began to investigate the claim.

It is certainly possible that a policy holder might submit a change of owner and beneficiary form to his or her insurer for any number of legitimate reasons as set forth in plaintiff's brief which would not lead to a suspicion that the policy was procured without an insurable interest. Viewing the facts in the light most favorable to plaintiff, I conclude that the averments in the complaint do not establish categorically when plaintiff should have become suspicious. Instead, I find that there is a disputed issue of material fact based on the pleadings and further factual analysis is necessary to fully address this question. *See Ohio Nat. Life Assur. Corp. v. Jones*, CCB-09-2044, 2010 WL 2302360, at*3-4 (D. Md. June 7, 2010) (holding that whether notice of a beneficiary change for an insurance contract "raised red flags" for the insurer was partially fact dependant). As a result, defendant's motion will be denied as to this assertion.

B.   **The Contestable Clause Defense**

Defendant's second claim is that the contestable clause bars plaintiff's suit because plaintiff did not contest the policy within two years of its issuance. This inquiry is likewise partially fact dependant. I have previously found in this case that: (1) a life insurance company is generally prohibited from contesting the validity of the insurance policy after the contestable period is over; but that (2) "whether a life insurance company may dispute the validity of a policy for lack of insurable interest . . . after the contestability period ends seems to be an open question under Pennsylvania law." *Reassure Am. Life Ins. Co. v. Midwest Res., Ltd.*, 09-CV-5590, 2011 WL 672566, at * 4 (E.D. Pa. Feb. 16, 2011). The issue of whether Mr. Miller's policy is void or voidable due to a lack of insurable interest at its inception is of pivotal importance in this case and further factual discovery on the issue will be necessary for a proper ruling thereon. If the

ultimate answer to that inquiry is affirmative, only then will the issue of whether plaintiff's suit is barred by the contestable clause be ripe. In light of the underlying factual questions which must be addressed before reaching defendant's assertion, I must also deny defendant's motion on this claim.

## IV. Conclusion

There are factual issues involving both whether there is a lack of an insurable interest which might void Mr. Miller's policy (as well as the contestable clause), and if so, when plaintiff received notice that the policy lacked that interest. Therefore, defendant's contention that it is entitled to judgment on the pleadings due to either a defense based on the contestable clause or a statute of limitations defense must fail and the motion must be denied.

An appropriate order follows.